Cite as 2024 Ark. App. 422

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-24-182

| | |
|---|---|
| KENDALL TERRY<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | Opinion Delivered September 18, 2024<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FJV-23-371]<br><br><br>HONORABLE LEIGH ZUERKER, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Kendall Terry appeals from the Sebastian County Circuit Court's adjudication order finding his Minor Child ("MC") a dependent-neglected child.[1] Terry argues that the evidence does not clearly and convincingly prove that he is an unfit parent and that he did not abuse MC. Because his argument is nothing more than a request to reweigh the evidence on appeal, we affirm.

On September 5, 2023, MC was removed from Terry's custody due to allegations of abuse. The next day, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody with an attached affidavit detailing the basis for removal. DHS

---

[1]MC's mother, Jessica Terry, does not appeal the adjudication of MC.

Investigator Jessica Crawford interviewed MC at her school after a hotline call reported that MC had a black eye. During the interview, MC disclosed that her father had caused the black eye by striking her, and he had also attempted to cut off her hair. The investigator took photos of the bruising on MC's eye and arm. MC told Investigator Crawford that her father had told her to lie about the abuse.

DHS filed for emergency custody, and the circuit court held a probable-cause hearing on September 14, 2023, wherein Terry stipulated to probable cause. The order was entered on October 16. On October 26, the circuit court held an adjudication hearing in which Investigator Crawford, MC, and Terry all testified. Specifically, Investigator Crawford testified that DHS had only one reasonable explanation for the abuse, and that was provided by MC. The family was unable to provide a reasonable explanation, and Terry's version kept changing. At the conclusion of the evidence, counsel gave closing statements. Of note, the attorney ad litem impressed on the court during closing that MC had provided her account of the incident to three different entities, and her account always remained consistent. The attorney ad litem further noted that Terry's statement of "I ought to cut your hair off" was a statement of violence.

The court's ruling stated,

> The court has obviously been provided pictures. There are bruises on the arm. There are bruises on the eye of the juvenile. The juvenile--the court found the juvenile's testimony to be credible. The court finds that she did not waiver in that testimony and in her statement.

The order held: "Based upon the testimony and evidence presented, the Court finds, by clear and convincing evidence (in the event that ICWA is hereafter definitely determined to apply), that the allegations in the petition have been substantiated, and that the juvenile is dependent/neglected upon the basis of parental unfitness and physical abuse." The circuit court designated a goal of reunification. This timely appeal followed.

The purpose of an adjudication hearing is to determine whether the allegations in the petition are substantiated by the proof. *E.g.*, *Araujo v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 181, at 4, 574 S.W.3d 683, 685. The burden of proof in adjudication hearings is normally preponderance of the evidence. Ark. Code Ann. § 9-27-325(h)(1) (Supp. 2023). The burden of proof changes for cases that the court believes includes the removal of a child that is an Indian child. 25 C.F.R. § 23.11 (2024). Such is the case here. The Indian Child Welfare Act ("ICWA") requires that the evidence must clearly and convincingly prove dependency-neglect. Ark. Code Ann. § 9-27-325(h)(2)(B). Thus, in this case, DHS has the burden to prove by clear and convincing evidence that the child is dependent-neglected.

Dependency-neglect proceedings are reviewed de novo on appeal. *Porter v. Ark. Dep't of Health & Hum. Servs.*, 374 Ark. 177, 183, 286 S.W.3d 686, 692 (2008). The appellate court will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Ullom v. Ark. Dep't of Hum. Servs.*, 67 Ark. App. 77, 992 S.W.2d 813 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarbrough v. Ark. Dep't of Hum. Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006). This, however, does

not mean that the appellate court is to act as a "super factfinder," substituting its own judgment or second-guessing the credibility determinations of the court; the court reverses only those cases in which a definite mistake has occurred. *Benedict v. Ark. Dep't of Hum. Servs.*, 96 Ark. App. 395, 397, 242 S.W.3d 305, 308 (2006).

An adjudication hearing is held to determine whether the allegations in a dependency-neglect petition are substantiated by the proof. Ark. Code Ann. § 9-27-327(a)(1)(A) (Supp. 2023). In reviewing dependency-neglect adjudications, we will defer to the circuit court's evaluation of the credibility of the witnesses. *Worrell v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 671, at 9, 378 S.W.3d 258, 263. A circuit court's findings will not be reversed unless they are clearly erroneous or clearly against the preponderance of the evidence. *Id.*[2] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Merritt v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 552, at 4, 473 S.W.3d 31, 34. At an adjudication hearing, the focus is on the child, not the parent. *Bean v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 350, at 4, 498 S.W.3d 315, 318.

Here, we hold, even with the heightened burden of proof, there was sufficient evidence to support the circuit court's dependency-neglect finding. A dependent-neglected juvenile is any juvenile who is at substantial risk of serious harm as a result of the following

---

[2]Again, this case requires a heightened burden of proof due to the application of the ICWA to clear and convincing, not preponderance of the evidence. 25 C.F.R. § 23.11; Ark. Code Ann. § 9-27-325(h)(2)(B).

acts or omissions to the juvenile, a sibling, or another juvenile: abandonment, abuse, sexual abuse, sexual exploitation, neglect, parental unfitness, dependency, or being present in a dwelling or structure during the manufacturing of methamphetamine with the knowledge of his or her parent, guardian, or custodian. Ark. Code Ann. § 9-27-303(17) (Supp. 2023).

The court found that MC was a dependent-neglected juvenile due to physical abuse and parental unfitness. The relevant parts of the definition of "Abuse" for purposes of this case include "any injury that is at variance with the history given," "any nonaccidental physical injury," "any . . . intentional or knowing acts, with physical injury and without justifiable cause" including but not exclusive to "striking a child on the face." Ark. Code Ann. § 9-27-303(3)(A)(iv), (v), (vi)(d). "Parental unfitness" is not specifically defined in the Juvenile Code, but case law is clear that it is not necessarily predicated on the parent's causing some direct injury to the child in question. *Young v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 270, 549 S.W.3d 383.

Only one ground is necessary to support a dependency-neglect finding. *Garner v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 328, 603 S.W.3d 858. On appeal, Terry's argument would require us to reweigh the evidence, which we will not do. *See McCord v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 244, at 11–12, 599 S.W.3d 374, 381 ("The circuit court's weighing the evidence differently than appellant wanted it to be weighed is not reversible error. We do not act as a super fact-finder, nor do we second-guess the circuit court's credibility determinations.").

On appeal, Terry relies on the attorney ad litem's closing argument. He attempts to posit that the closing argument somehow is more telling than the testimony of Investigator Crawford, MC, and even himself. We do not find his argument persuasive. The circuit court relied on the evidence that was presented to the court through the testimony of the witnesses and the photographs of the injuries to MC.

Further, the circuit court found MC to be a credible witness while never addressing Terry's credibility. The court relied on the photos and credible testimony of MC to find by clear and convincing evidence that MC was a dependent-neglected child due to parental unfitness and physical abuse. We have continually expressed that we will not reweigh evidence. *E.g.*, *Christ v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 354, at 7, 635 S.W.3d at 337. Accordingly, we affirm the Sebastian County Circuit Court's order adjudicating MC dependent-neglected.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Janet Lawrence*, attorney ad litem for minor child.